1

2

3

4

5

6

7

8                                 IN THE UNITED STATES DISTRICT COURT

9                              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   VERNON RAY DAILEY,

11              Petitioner,                          No. CIV S-06-346 LKK GGH P

12         vs.

13   TOM CAREY, et al.,                              ORDER AND

14              Respondent.                          FINDINGS AND RECOMMENDATIONS

15   _____/

16             Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas

17   corpus.  Pending before the court is respondent's July 7, 2006, motion to dismiss on grounds that

18   this action is barred by the statute of limitations.  For the following reasons, respondent's motion

19   is vacated and the court recommends that this action be dismissed on grounds that petitioner is

20   not entitled to relief.  See Rule 4, Rules Governing Section 2254 Cases (court may summarily

21   dismiss petition if petitioner is not entitled to habeas relief).

22             This action is proceeding on the original petition filed February 17, 2006.

23   Petitioner states that he is challenging his July 22, *2005,* conviction for perjury.  Petition, p. 1.

24   Attached to respondent's motion to dismiss as document one is the abstract of judgment from

25   petitioner's conviction.  This document states that petitioner was sentenced on July 22, *2003*.

26   Petitioner did not appeal his conviction.  Therefore, his conviction became final upon the

                                                    1

1   expiration of the 60 day period following the imposition of his sentence.  Cal. Rule of Court,

2   Rule 31(a).

3           The petition contains one claim: petitioner's sentence must be "reduced" pursuant

4   to Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004).  In Schardt v. Payne, 414 F.3d

5   1025 (9ᵗʰ Cir. 2005), the Ninth Circuit held that Blakely does not apply retroactive to a conviction

6   that was final before that decision was announced.

7           Petitioner may not raise a Blakely claim as that case was decided after his

8   conviction became final.  For this reason, the court recommends that the petition be dismissed.

9           Moreover, petitioner complains about the trial judge's use of a prior conviction to

10  enhance his sentence.  Even assuming petitioner's claim could be initially construed as one

11  arising from Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), the fact of a prior

12  conviction, which was utilized to enhance petitioner's sentence herein, is a fact excluded from

13  Apprendi's purview.

14          Accordingly, IT IS HEREBY ORDERED that respondent's July 27, 2006, motion

15  to dismiss is vacated; and

16          IT IS HEREBY RECOMMENDED that petitioner's application for a writ of

17  habeas corpus be dismissed.

18          These findings and recommendations are submitted to the United States District

19  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

20  days after being served with these findings and recommendations, any party may file written

21  objections with the court and serve a copy on all parties.  Such a document should be captioned

22  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

23  shall be served and filed within ten days after service of the objections.  The parties are advised

24  \\\\\

25  \\\\\

26  \\\\\

1  that failure to file objections within the specified time may waive the right to appeal the District

2  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: 11/14/06

                                    /s/ Gregory G. Hollows
4
                                    _____
                                    GREGORY G. HOLLOWS
5                                   UNITED STATES MAGISTRATE JUDGE

6  ggh:kj
   dai346.dis

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26